UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INSTITUTIONAL CAPITAL NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES # 1-10 and COMPANIES A-Z d/b/a www.icapitalnetwork.net, <br><br> Defendants. | Case No.: 1:21-cv-02289 |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ALTERNATIVE SERVICE BY EMAIL, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff Institutional Capital Network, Inc. ("iCapital Network") having filed a Complaint seeking to temporarily, preliminarily, and permanently enjoin Defendants John Does # 1-10 and Companies A-Z d/b/a www.icapitalnetwork.net ("Defendants") from: (1) violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1); (2) trademark infringement under the Lanham Act and New York common law, and (3) unfair competition under New York law and false association and false designation of origin under the Lanham Act; now applies *ex parte* for a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure, an order to show cause why a preliminary injunction should not issue under Federal Rule of Civil Procedure 65(a), expedited discovery, and alternative service by email.

Upon review of the Complaint, Memorandum of Law in support of iCapital Network's requested relief, supporting affidavits and evidence presented, the Court grants the following relief for the reasons set forth below:

## ORDER

A.  iCapital Network is the owner of all rights in and to U.S. Trademark Registration Nos. 5,088,562, 5,269,497, and 5,269,499 for certain trademarks related to "iCapital" (the "*iCapital Trademarks*").

B.  Defendants are not now, nor have they ever been, authorized or licensed to use the *iCapital Trademarks*, nor can they allege a *bona fide* noncommercial or fair use of the *iCapital Trademarks*.

C.  Defendants have used and continue to use a domain name containing the *iCapital Trademarks*, *www.icapitalnetwork.net* (the "Infringing Domain Name"), which redirects to iCapital Network's website at *www.icapitalnetwork.com*, to impersonate iCapital Network and persons associated therewith. Defendants have created fake job descriptions and applications that illegally use the *iCapital Trademarks*.

D.  iCapital Network has demonstrated a ~~very strong~~ probability of success in proving at trial that: (i) consumers are likely to have been confused by Defendants' use of the *iCapital Trademarks* in the Infringing Domain Name; (ii) Defendants' use of the *iCapital Trademarks* constitutes trademark infringement and cybersquatting in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(d)(1); and (iii) that Defendants have engaged in unfair competition with iCapital Network.

E.  iCapital Network is likely to suffer an immediate and irreparable injury if a temporary restraining order is not granted.

F.  The Court finds that it is likely that iCapital Network will suffer ~~It clearly appears from the specific facts set forth below and in iCapital Network's Complaint and the affidavits on file, that~~ immediate and irreparable loss, damage and injury ~~will result to iCapital Network~~ before Defendants can be heard in opposition unless iCapital Network's request for *ex parte* relief is granted. In particular:

1. iCapital Network is likely to succeed on the merits in showing that Defendants' use of the Infringing Domain Name and the *iCapital Trademarks* violated state and federal trademark and unfair competition laws and the ACPA;

2. Specific facts have been pled in the Complaint and affidavits on file showing that immediate and irreparable injury, loss, or damage will result to iCapital Network before Defendants can be heard in opposition;

3. The harm to iCapital Network of denying this application outweighs any harm to the legitimate interests of the Defendants;

4. The public interest favors issuance of the temporary restraining order; and

5. iCapital Network's attorney of record has certified in writing the reasons why notice should not be required in advance of this order issuing pursuant to Fed. R. Civ. P. 65(b)(1) and Local Rule 6.1(d).

Accordingly, FOR GOOD CAUSE SHOWN, it is **HEREBY ORDERED** that Defendants shall appear before the Hon. _P. Kevin Castel_, United States District Judge, in Courtroom _11D_ of the United States Courthouse, located at 500 Pearl Street, New York, NY, on _March 26, 2021_ at _11 a_.m, or as soon thereafter as counsel can be heard, to show cause why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the Defendants during the pendency of this action from:

(a) Continuing to operate the Infringing Domain Name, or engaging in any other activity that would infringe the *iCapital Trademarks*, or iCapital Network's rights in or to use or exploit said trademarks, including without

-3-

limitation the word "iCapital" or phrase "iCapital Network," or any variant thereof;

(b) Performing any other act of unfair competition against iCapital Network or act that injures iCapital Network's reputation or good will; and

(c) Impersonating any employee of iCapital Network.

**IT IS THEREFORE ORDERED**, that Defendants must immediately transfer ownership and control of the Infringing Domain Name to iCapital Network, the lawful owner of the ***iCapital Trademarks***. If Defendants do not transfer ownership within two (2) days of receiving notice of this Order, iCapital Network shall provide notice of this Order to the Internet registries responsible for overseeing the top level domains in which the Infringing Domain Name appears, and that such Internet registries shall immediately place the Infringing Domain Name on registry lock, making the domain name non-transferrable by Defendants, and on registry hold, which prevents any websites associated with the Infringing Domain Name from resolving when queried by a browser;

**IT IS FURTHER ORDERED**, that any third party providing services in connection with any Defendant and/or the Infringing Domain Name, including without limitation Internet Service Providers, back-end service providers, web designers, sponsored search engine or ad-word providers, merchant account providers, third party processors and other payment processing services, shippers, domain name registrars and domain name registries shall, upon receiving notice of this Order, (i) deliver to iCapital Network or its counsel copies of documents and records relating to Defendants, the Infringing Domain Name, and Defendants' business operations, including, but not limited to, records and data contained in electronic format, such delivery to be made in their native format, and (ii) take such action as necessary to prevent Defendants from continuing to operate the Infringing Domain Name;

**IT IS FURTHER ORDERED** that, sufficient reason having been shown therefor, that pending the hearing on iCapital Network's motion for a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, Defendants are **TEMPORARILY RESTRAINED** from:

(a) committing any of the acts set forth in subparagraphs (a)-(c) above;

(b) manipulating, or otherwise altering any evidence, whether in paper or residing on any computer system, network, or other electronic means of data storage, relating to the allegations in iCapital Network's Complaint; and

(c) moving, transporting, secreting, destroying, modifying, altering or otherwise affecting records relating to the Infringing Domain Name.



**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire ~~on~~ ~~to~~ *fourteen days from the date of this Order* ~~, 2021, at ___.m.~~, unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) calendar days, or unless it is further extended under Federal Rule of Civil Procedure 65; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(c), iCapital Network ~~is not~~ *shall be* obligated to post security or a bond *in the amount of $5,000 no later than March 24, 2021*; and it is further

**ORDERED** that iCapital Network is permitted to conduct limited expedited discovery to obtain the following information: (1) all names, physical addresses, email addresses, and Internet Protocol addresses associated with Defendants or the Infringing Domain Name; and (2) any other websites or domain names associated with or related to Defendants or the Infringing Domain Name, along with all names, physical addresses, email addresses, and Internet Protocol addresses associated with such websites and/or domain names; and it is further

**ORDERED** that iCapital Network may complete service of process on Defendants by electronic mail at *careers@icapitalnetwork.net*. iCapital Network may continue to serve

documents on Defendants via email until such time that Defendants enter an appearance in this action. iCapital Network has demonstrated that service of process to the aforesaid email address will provide adequate notice to Defendants; and it is further

PKC {  ORDERED that any opposition papers to be filed by Defendants must be filed with the Court no later than *March 23*, 2021; and it is further

ORDERED that Plaintiffs shall file any reply no later than *March 25*, 2021; and it is further }

ORDERED that at least three (5) business days prior to the preliminary injunction hearing in this matter, each party that intends to present live testimony shall make a motion to present live testimony, said motion to include: (i) a list of witnesses that they intend to directly examine, (ii) the substance of each proposed witness' expected testimony, and (iii) an explanation of why such testimony would be helpful to the Court. Any party that opposes such motion must file an opposition within (3) business days, counting the date the motion to present live testimony is received as day one

**IT IS SO ORDERED**, this *17th* day of *March*, 2021 at *6:05* p.m.

_____
Hon. P. Kevin Castel, U.S.D.J.