**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INSTITUTIONAL CAPITAL NETWORK, INC., | |
| Plaintiff, | Case No.: 1:21-cv-02289 |
| v. | |
| JOHN DOES # 1-10 and COMPANIES A-Z d/b/a www.icapitalnetwork.net, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S**
**MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff Institutional Capital Network, Inc. ("iCapital Network") filed a Complaint seeking to temporarily, preliminarily, and permanently enjoin Defendants John Does # 1-10 and Companies A-Z d/b/a www.icapitalnetwork.net ("Defendants") from: (1) violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1); (2) trademark infringement under the Lanham Act and New York common law, and (3) unfair competition under New York law and false association and false designation of origin under the Lanham Act (ECF 1). iCapital Network subsequently moved *ex parte* for a Temporary Restraining Order, Order Authorizing Expedited Discovery, Order Authorizing Alternative Service by Email, and Order to Show Cause for a Preliminary Injunction (ECF 6). On March 17, 2021, the Court granted the temporary restraining order (ECF 8).

The Court, having reviewed the Complaint, the Memorandum of Law in Support of iCapital Network's *Ex Parte* Motion for a Temporary Restraining Order, Motion for a Preliminary Injunction, Order Authorizing Expedited Discovery, and Order Authorizing Alternative Service by Email (ECF 6-2), the supporting Affidavits (ECF 6-3 and 6-4), iCapital Network's Reply

Memorandum in Support of its Motion for a Preliminary Injunction and supporting Affidavits, and
the entire record herein, makes the following findings of fact and conclusions of law:

1.      iCapital Network has served Defendants with the Complaint and exhibits thereto,
Summons, the Court's March 17, 2021 *Ex Parte* Order (the "*Ex Parte* Order"), and other papers
filed in this case as set forth in the Affidavit of Service of Process filed by iCapital Network on
March 19, 2021 (ECF 11 and 12);

2.      Pursuant to Federal Rule of Civil Procedure 65(c), iCapital Network has posted a
bond in the amount of $5,000.00 (ECF 16) in accordance with the *Ex Parte* Order which constitutes
sufficient security.

3.      iCapital Network is the owner of all rights in and to U.S. Trademark Registration
Nos. 5,088,562, 5,269,497, and 5,269,499 for certain trademarks related to "iCapital" (the
"***iCapital Trademarks***").

4.      Defendants are not now, nor have they ever been, authorized or licensed to use the
***iCapital Trademarks***, nor can they allege a *bona fide* noncommercial or fair use of the ***iCapital
Trademarks***.

5.      Defendants have used a domain name containing the ***iCapital Trademarks***,
***www.icapitalnetwork.net*** (the "Infringing Domain Name"), which redirected to iCapital
Network's website at ***www.icapitalnetwork.com***, to impersonate iCapital Network and persons
associated therewith. Defendants have created fake job descriptions and applications that illegally
use the ***iCapital Trademarks***, created fake email addresses impersonating iCapital Network
employees, and sent emails infringing the ***iCapital Trademarks***. Defendants have acknowledged
their illegal conduct and have demanded a ransom in exchange for ceasing such conduct.

6.     iCapital Network has demonstrated a probability of success in proving at trial that: (i) consumers are likely to have been confused by Defendants' use of the *iCapital Trademarks* in the Infringing Domain Name; (ii) Defendants' use of the *iCapital Trademarks* and Infringing Domain Name constitutes trademark infringement and cybersquatting in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(d)(1); and (iii) Defendants have engaged in unfair competition with iCapital Network.

7.     iCapital Network is likely to suffer immediate and irreparable injury, loss, or damage, if a preliminary injunction is not granted.

8.     The harm to iCapital Network of denying a preliminary injunction outweighs any harm to the legitimate interests of Defendants.

9.     The public interest favors issuance of a preliminary injunction in order to protect iCapital Network's interest in the *iCapital Trademarks* and protect the public from being deceived and defrauded by Defendants' misconduct.

10.     Entry of an order other than a preliminary injunction would not adequately achieve the purposes of the Lanham Act and the ACPA to preserve iCapital Network's equitable remedies for trademark infringement and cybersquatting, respectively.

Accordingly, FOR GOOD CAUSE SHOW, it is **HEREBY ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are PRELIMINARILY ENJOINED from:

(a)     Continuing to operate the Infringing Domain Name, or engaging in any other activity that would infringe the *iCapital Trademarks*, or iCapital Network's rights in or to use or exploit said trademarks, including without

limitation the word "iCapital" or phrase "iCapital Network," or any variant thereof;

(b) Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure iCapital Network's business reputation, or to dilute the distinctive quality of the ***iCapital Trademarks***;

(c) Performing any other act of unfair competition against iCapital Network or act that injures iCapital Network's reputation or good will;

(d) Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order or infringing the ***iCapital Trademarks***;

(e) Using, linking, transferring, selling, or exercising control over the Infringing Domain Name, or any other domain name that incorporates, in whole or in part, the ***iCapital Trademarks***, or any domain name that is used in connection with any infringing website; and

(f) Impersonating any employee of iCapital Network or using any electronic means to impersonate iCapital Network or its employees.

**IT FURTHER ORDERED**, that Google, LLC shall immediately transfer ownership of the Infringing Domain Name to iCapital Network; and

**IT IS FURTHER ORDERED**, that any third party providing services in connection with any Defendant, the Infringing Domain Name, and/or Defendants' infringing or unlawful activities, including without limitation Internet Service Providers, back-end service providers, web designers, sponsored search engine or ad-word providers, merchant account providers, third party

processors and other payment processing services, shippers, domain name registrars and domain name registries, and email account providers, shall, upon receiving notice of this Order, (i) deliver to iCapital Network or its counsel copies of documents and records relating to Defendants, the Infringing Domain Name, and Defendants' operations, including, but not limited to, records and data contained in electronic format, such delivery to be made in their native format, (ii) take such action as necessary to prevent Defendants from continuing to operate their infringing or unlawful conduct, (iii) immediately transfer any domain name that infringes the *iCapital Trademarks* to iCapital Network, and (iv) immediately shut down any email account used by Defendants to infringe the *iCapital Trademarks* or impersonate iCapital Network or any person associated therewith; and

**IT IS FURTHER ORDERED**, that iCapital Network is permitted to conduct limited expedited discovery to obtain the following information: (1) all names, physical addresses, email addresses, and Internet Protocol addresses associated with Defendants or the Infringing Domain Name; and (2) any other websites or domain names associated with or related to Defendants or the Infringing Domain Name, along with all names, physical addresses, email addresses, and Internet Protocol addresses associated with such websites and/or domain names; and

**IT IS FURTHER ORDERED**, that iCapital Network may serve documents on Defendants by electronic mail at *wendytalerman1966@gmail.com* until such time that Defendants enter an appearance in this action. If iCapital Network receives confirmation that emails are unable to be delivered to the aforesaid email address, iCapital Network may serve documents on Defendants by filing said documents on ECF and Defendants shall be deemed to have notice of said documents upon their filing on ECF; and

**IT IS FURTHER ORDERED**, that Defendants are hereby given further notice that they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction upon the filing of this Order on ECF and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court. iCapital Network shall further serve a copy of this Order on Defendants by electronic mail at *wendytalerman1966@gmail.com* and shall thereafter file proof of service on ECF.

**IT IS SO ORDERED**, this 26th day of March , 2021 at 11:17 a.m.

_____
Hon. P. Kevin Castel, U.S.D.J.