**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INSTITUTIONAL CAPITAL NETWORK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES # 1-10 and COMPANIES A-Z d/b/a www.icapitalnetwork.net,<br><br>Defendants. | Case No.: 1:21-cv-02289-PKC |

**[PROPOSED] ORDER FOR A DEFAULT JUDGMENT**
**AND PERMANENT INJUNCTION**

Plaintiff Institutional Capital Network, Inc. ("iCapital Network") filed a Complaint seeking to temporarily, preliminarily, and permanently enjoin Defendants John Does # 1-10 and Companies A-Z d/b/a www.icapitalnetwork.net ("Defendants") from: (1) violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1); (2) trademark infringement under the Lanham Act and New York common law, and (3) unfair competition under New York law and false association and false designation of origin under the Lanham Act. (ECF 1). iCapital Network subsequently moved *ex parte* for a Temporary Restraining Order, Order Authorizing Expedited Discovery, Order Authorizing Alternative Service by Email, and Order to Show Cause for a Preliminary Injunction. (ECF 6). On March 17, 2021, the Court granted the temporary restraining order (the "*Ex Parte* Order"). (ECF 8). On March 18, 2021, iCapital Network served Defendants with the Complaint and exhibits thereto, Summons, *Ex Parte* Order, and other papers filed in this action as set forth in the Affidavit of Service of Process filed by iCapital Network on March 19, 2021. (ECF 11 and 12). On March 22, 2021, iCapital Network posted a bond in the amount of $5,000.00 pursuant to the *Ex Parte* Order. (ECF 16). After a show

cause hearing, at which Defendants did not appear, the Court issued a preliminary injunction against Defendants on March 26, 2021 (the "Injunction Order"). (ECF 18). On March 26, 2021, iCapital Network's counsel served a copy of the Injunction Order on Defendants as reflected in the Affidavit of Service filed by iCapital Network on April 6, 2021. (ECF 21).

On May 27, 2021, the Clerk of Court entered a Certificate of Default as to Defendants. (ECF 27).

On June 15, 2021, iCapital Network submitted a [Proposed] Order to Show Cause for a Default Judgment and Permanent Injunction, Notice of Motion for a Default Judgment and Permanent Injunction, Memorandum of Law in support of the Motion, and Affidavit of counsel, in support of its request for a default judgment and permanent injunction against Defendants, pursuant to Rules 55(b) and 65(d) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(b).

The Court, having reviewed the Complaint, the Memorandum of Law in Support of iCapital Network's Motion for a Default Judgment and Permanent Injunction, supporting Affidavit and exhibits thereto, and the entire record herein, makes the following findings of fact and conclusions of law:

1.    iCapital Network properly served Defendants with the Complaint and exhibits thereto, Summons, the *Ex Parte* Order, Preliminary Injunction Order, and other papers filed in this action as set forth in the Affidavits of Service filed by iCapital Network. (ECF 11, 12, 21).

2.    iCapital Network is the owner of all rights in and to U.S. Trademark Registration Nos. 5,088,562, 5,269,497, and 5,269,499 for certain trademarks related to "iCapital" (the "*iCapital Trademarks*").

3.      Defendants are not now, nor have they ever been, authorized or licensed to use the *iCapital Trademarks*, nor can they allege a *bona fide* noncommercial or fair use of the *iCapital Trademarks*.

4.      Defendants have used a domain name containing the *iCapital Trademarks*, *www.icapitalnetwork.net* (the "Infringing Domain Name"), which redirected to iCapital Network's website at *www.icapitalnetwork.com*, to impersonate iCapital Network and persons associated therewith. Defendants have created fake job descriptions and applications that illegally use the *iCapital Trademarks*, created fake email addresses impersonating iCapital Network employees, and sent emails infringing the *iCapital Trademarks*. Defendants have acknowledged their illegal conduct and have demanded a ransom in exchange for ceasing such conduct and have tried to extort iCapital Network.

5.      On May 11, 2021, iCapital Network confirmed that Google, LLC, the Infringing Domain Name's registrar, transferred the Infringing Domain Name to iCapital Network.

6.      Because Defendants have not filed an Answer, otherwise responded to the Complaint, or otherwise appeared in this action, the Clerk of Court entered default against Defendants on May 27, 2021. (ECF 27).

7.      The Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. §302(a)(3) because Defendants committed a tortious act outside of New York that caused injury to iCapital Network in New York by: (a) engaging in a persistent course of conduct in New York; and (b) expecting or reasonably expecting that their actions to have consequences in New York and deriving substantial revenue from international commerce.

8.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because this case arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1), and United States trademark laws, including 15 U.S.C. §§ 1114 and 1125.

9.     iCapital Network has demonstrated a probability of success in proving at trial that: (a) consumers are likely to have been confused by Defendants' use of the *iCapital Trademarks* in the Infringing Domain Name; (b) Defendants' use of the *iCapital Trademarks* and Infringing Domain Name constitutes trademark infringement and cybersquatting in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(d)(1); and (c) Defendants have engaged in unfair competition with iCapital Network.

10.     iCapital Network has suffered immediate and irreparable injury, loss, or damage, and will continue to suffer irreparable injury, loss, or damage if a permanent injunction is not granted.

11.     iCapital Network has no adequate remedy at law.

12.     The harm to iCapital Network of denying a permanent injunction outweighs any harm to the legitimate interests of Defendants.

13.     The public interest favors issuance of a permanent injunction in order to protect iCapital Network's interest in the *iCapital Trademarks* and protect the public from being deceived and defrauded by Defendants' misconduct.

14.     Entry of an order other than a permanent injunction would not adequately achieve the purposes of the Lanham Act and the ACPA to preserve iCapital Network's equitable remedies for trademark infringement and cybersquatting, respectively.

15.     Defendants are not infants, in the U.S. military, or incompetent persons.

Accordingly, FOR GOOD CAUSE SHOW, it is HEREBY ORDERED that Defendants, and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are PERMANENTLY ENJOINED from:

    (a)    Engaging in any activity that would infringe the ***iCapital Trademarks***, or iCapital Network's rights in or to use or exploit said trademarks, including without limitation the word "iCapital" or phrase "iCapital Network," or any variant thereof;

    (b)    Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure iCapital Network's business reputation, or to dilute the distinctive quality of the ***iCapital Trademarks***;

    (c)    Performing any other act of unfair competition against iCapital Network or act that injures iCapital Network's reputation or good will;

    (d)    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order or infringing the ***iCapital Trademarks***;

    (e)    Using, linking, transferring, selling, or exercising control over any domain name that incorporates, in whole or in part, the ***iCapital Trademarks***, or any domain name that is used in connection with any infringing website; and

    (f)    Impersonating any employee of iCapital Network or using any electronic means to impersonate iCapital Network or its employees.

**IT IS FURTHER ORDERED**, that final judgment is granted in favor of iCapital Network on all claims pled against Defendants in the Complaint.

**IT IS FURTHER ORDERED**, that any third party providing services in connection with any Defendant and/or Defendants' infringing or unlawful activities, including without limitation Internet Service Providers, back-end service providers, web designers, sponsored search engine or ad-word providers, merchant account providers, third party processors and other payment processing services, shippers, domain name registrars and domain name registries, and email account providers, shall, upon receiving notice of this Order, (a) deliver to iCapital Network or its counsel copies of documents and records relating to Defendants and Defendants' operations, including, but not limited to, records and data contained in electronic format, such delivery to be made in their native format, (b) take such action as necessary to prevent Defendants from continuing to operate their infringing or unlawful conduct, (c) immediately transfer any domain name that infringes the *iCapital Trademarks* to iCapital Network, and (d) immediately shut down any email account used by Defendants to infringe the *iCapital Trademarks* or impersonate iCapital Network or any person associated therewith; and

**IT IS FURTHER ORDERED**, that the Clerk of Court is hereby directed to release the $5,000.00 bond, posted in accordance with the *Ex Parte* Order, to iCapital Network, its counsel, and/or SureTec Insurance Company.

**IT IS FURTHER ORDERED**, that this Court shall retain jurisdiction over the parties and the subject matter of this action for the purpose of interpretation and enforcement of the Permanent Injunction.

**IT IS FURTHER ORDERED**, that Defendants are hereby given further notice that they shall be deemed to have actual notice of the issuance and terms of such Order and Permanent Injunction upon the filing of this Order on ECF and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court. iCapital

Network shall further serve a copy of this Order on Defendants by electronic mail at *wendytalerman1966@gmail.com* and shall thereafter file proof of service on ECF.

      **IT IS SO ORDERED**, this 30__ day of _____ June _____, 2021 at 5:00 p.m.

_____

Hon. P. Kevin Castel, U.S.D.J.